**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 19-10424 |
| | 19-10425 |
| Plaintiff-Appellee, | |
| | D.C. Nos. 2:18-cr-01122-GMS-1 |
| v. | 2:19-cr-00449-GMS-1 |
| GUADALUPE CAMPOY-RUBALCABA, AKA Guadalupe Campoy, AKA Guadalupe Lopez-Perez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

In these consolidated appeals, Guadalupe Campoy-Rubalcaba appeals from

the district court's judgment imposing a 24-month sentence following his guilty-

plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

its order revoking supervised release and imposing a 4-month consecutive sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Campoy-Rubalcaba does not challenge the 4-month sentence imposed upon revocation. Accordingly, we affirm in Appeal No. 19-10424. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) (issue is waived if it is not argued in the opening brief).

In Appeal No. 19-10425, Campoy-Rubalcaba first contends that the district court procedurally erred by failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors, instead focusing only on his criminal history, and by inadequately explaining the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered the § 3553(a) factors and adequately explained its reasons for imposing the within-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Contrary to Campoy-Rubalcaba's argument, the court was not required to "tick off" all of the § 3553(a) factors, or address specifically each of his mitigating arguments. *See id.*

Campoy-Rubalcaba next contends that the sentence is substantively unreasonable given his mitigating circumstances. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is

substantively reasonable in light of the § 3553(a) factors and the totality of the circumstances, including Campoy-Rubalcaba's criminal and immigration history. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). The record does not support Campoy-Rubalcaba's claim that the district court placed undue weight on the dismissed charges that led to his discovery by immigration authorities, or relied on any erroneous facts concerning those charges.

**AFFIRMED.**